

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

This Opinion
Affirms Opinion

# O-1115

December 11, 1953

Honorable Weldon Hart
Chairman and Executive Director
Texas Employment Commission
Brown Building
Austin, Texas

Opinion No. S-115

Re: Necessity that
property acquired
for the State at a
sheriff's sale be
disposed of "in the
manner acquired."

Dear Mr. Hart:

You have requested our opinion on certain questions dealing with the sale or disposition of property acquired by the State at a sheriff's sale following judgment for unemployment taxes.

We quote a portion of your letter:

"The Texas Employment Commission has in the past proceeded in accordance with Opinion of the Attorney General of Texas No. O-1115, dated August 5, 1939. A copy of that opinion is attached. A question has been raised, however, as to the propriety of the Commission's contemplated sale of certain real property acquired for the State by the Commission's attorney at a sheriff's sale following the levy of execution under a $7,558 judgment for unemployment taxes against the owner of the land. . . .

"Our attention has been directed to that language in Article 4403 V.A.C.S., which seems to require that property acquired for the State at a sheriff's sale be sold or otherwise disposed of 'in the manner acquired'. At the same time, the article directs that the disposition be made, with the advice and consent of the Attorney General, upon such terms and conditions as are deemed most advantageous to the State by the agent or attorney of the State who bought in the property at the sheriff's sale. There appears to be direct conflict between the quoted portion of Article 4403 and its other terms.

"I respectfully request that you furnish us
your answers to the six specific questions treated
by Opinion No. 0-1115, mentioned above, with special
attention to question number (4): 'How is such sale
to a subsequent purchaser accomplished?'"

The questions treated by Opinion No. 0-1115 follow:

"(1) Is a representative of the Texas Unem-
ployment Compensation Commission authorized by
law to bid in in the name of the State the proper-
ty levied upon?

"(2) If a representative of the Texas Unemploy-
ment Compensation Commission is not authorized to
bid in the property, who is so authorized to bid in
the property under the laws of this state?

"(3) When property is bid in at a sheriff's
sale in the name of the State, who is authorized
to pass title to a subsequent purchaser from the
State?

"(4) How is such sale to a subsequent purchaser
accomplished?

"(5) What disposition must be made of purchase
money realized from such sale?

"(6) Would the answer to the above questions
apply to real property as well as personal property?"

We affirm Opinion No. 0-1115 in so far as the
answers to questions (1), (2), (5), and (6) are concerned.

We reform and affirm the answer to question (3)
by stating that when property is bid in at a sheriff's sale
in the name of the State, pursuant to Article 4401, Vernon's
Civil Statutes, the Attorney General is authorized to pass
title to a subsequent purchaser from the State upon compli-
ance with the provisions of Article 4403.

A careful reading of the "answer" to question (4)
in Opinion No. 0-1115 will disclose that question (4) was
not really answered. Article 4403 is paraphrased but the
word "acquired" after "manner" is omitted. This word is
vital to the proper construction of Article 4403.

Articles 4401 and 4403, as amended, are the principal statutes involved herein. They are derived from Chapter 13, General Laws, 16th Legislature, Special Session, 1879, p. 9, being Sections 1 and 3, respectively.

Article 4401 provides:

"If any property shall be sold by virtue of any execution, order or (sic) sale issued upon any judgment in favor of the State or sale by virtue of any deed of trust -- except executions issued upon judgments in cases of scire facias the agent representing the State by and with the advice and consent of the Attorney General is hereby authorized and required to attend such sales and bid on and buy in for the State said property when it shall be deemed proper to protect the interest of the State in the collection of such judgment and debt. His bid shall not exceed the amount necessary to satisfy said judgment and debt and all costs due thereon."

Article 4403 provides:

"The agent or attorney of the State buying for the State such property at such sales shall be authorized by and with the advice and consent of the Attorney General, at any time to sell or otherwise dispose of said property so purchased in the manner acquired and upon such terms and conditions as he may deem most advantageous to the State. If sold or disposed of for a greater amount than is necessary to pay off the amount due upon the judgment or debt, and all costs accrued thereon, the remainder shall be paid into the State Treasury to the credit of the general revenue. When such sale is made, the Attorney General shall, in the name of the State, execute and deliver to the purchaser a deed of conveyance to said property, which deed shall vest all the rights and title to the same in the purchaser thereof." (Emphasis added throughout.)

Articles 4401 and 4403 were amended by Chapter 243, Acts of the 40th Legislature, Regular Session, 1927, p. 361.

The material change in Article 4401 was the addition of the phrase "or sale by virtue of any deed of trust."

The addition to Article 4403 was the word "acquired" after "manner," thereupon causing the amended portion to read ". . . to sell or otherwise dispose of said property so purchased in the manner acquired. . .," and the words "or debt" after "judgment."

It should be noted that Article 4401 concerns property "sold by virtue of any execution, order or (sic) sale issued upon any judgment in favor of the State or sale by virtue of any deed of trust" except executions issued upon judgments in cases of scire facias.

In connection with the foregoing paragraph it is elementary that any property sold in the manner described therein would necessarily have to be sold at public sale. (Rules 647-650, Texas Rules of Civil Procedure and Article 3810, V.C.S.) This being true, the only manner in which the State could acquire property under Article 4401 is at public sale.

The phrase "such property at such sales" in Article 4403 refers to the "property" sold under the provisions of Article 4401. Inasmuch as property bought by the State under the provisions of this last named article would be property "acquired" at a public sale, the only manner in which the agent or attorney "buying for the State such property at such sales" can "sell or otherwise dispose of said property so purchased in the manner acquired" is at public sale. Surely the legislature could have intended no less when it amended Article 4403 by inserting "acquired" after "manner."

By the foregoing we do not mean that a sheriff must sell the property at public sale. The agent or attorney of the State, by and with the advice and consent of the Attorney General, is authorized to sell it at public sale after proper advertisement as in the case of a sheriff's sale under execution.

The requirement "upon such terms and conditions as he may deem most advantageous to the State" does not conflict with any other portion of Article 4403, nor prevent the agent or attorney of the State from selling the property "in the manner acquired." The fact that the sale would be public would in no way prohibit the agent or attorney of the State from agreeing with the purchaser on the

terms and conditions of the sale. If the sale were unsatisfactory to the agent or attorney of the State, there is no reason why the property could not be withdrawn from the sale and another sale attempted after proper advertisement, if so desired.

There is a serious constitutional question as to the sufficiency of the caption of the Amendatory Act in so far as the addition of the word "acquired" is concerned. However, in order that purchasers may be fully protected it is believed that all sales made by virtue of Article 4403 should be by public sale until the statute is otherwise construed by the courts or until it is clarified by legislative action.

### SUMMARY

Property bought in the name of the State pursuant to provisions of Article 4401, V.C.S., if sold to a subsequent purchaser from the State, should be sold at public sale. Article 4403, V.C.S.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

L. P. Lollar
Taxation Division

John Atchison
Reviewer

Mary K. Wall
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

By
J. A. Amis, Jr.
Assistant

JAA:amm